On appellant's petition for reconsideration filed April 5, reconsideration allowed, former opinion (309 Or App 734, 483 P3d 45) modified and adhered to as modified May 26, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL LOVE-FAUST,
aka Michael Love Faust,
aka Michael Faust-Love,
aka Faust Michael Love,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR19907, 18CR59898;
A171278 (Control), A171279

489 P3d 149

Ann Marie Simmons, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

## PER CURIAM

Defendant has petitioned for reconsideration of our decision in *State v. Love-Faust*, 309 Or App 734, 483 P3d 45 (2021). In that decision, we concluded that, under the totality of the circumstances, "defendant was not in compelling circumstances when [probation officer] Woods approached defendant on the street and asked him about suspected probation violations." *Id.* at 741. Defendant asserts that we committed a legal error in determining "whether defendant could terminate the encounter" because the following paragraph "erroneously framed the issue and analysis as a subjective question":

> "Similarly, we reject defendant's contention that he was in compelling circumstances because he could not terminate the encounter. As an initial matter, it is not clear from the record that defendant subjectively believed that he could not terminate the encounter. The trial court did not make an explicit finding on that issue and this is not a situation in which we would assume that the trial court implicitly made such a finding. *See Pereida-Alba v. Coursey*, 356 Or 654, 671, 342 P3d 70 (2015) (explaining that, although a reviewing court will presume a trial court resolved a factual dispute consistently with its ultimate conclusion, the presumption has its limits; that is, '[i]f an implicit factual finding is not necessary to the trial court's ultimate conclusion or is not supported by the record, then the presumption does not apply'). In any event, even if defendant subjectively believed that he could not terminate the encounter, consistent with the reasons described above with respect to the probation-related questions leading up to the request for consent, we reject the argument that defendant's inability to terminate the encounter created compelling circumstances under the totality of the circumstances presented by this case."

*Id.* at 743.

We grant reconsideration and modify our opinion by adding the following footnote to the end of the quoted paragraph above:

> "In rejecting defendant's argument that he was not free to terminate the encounter, we do not mean to suggest that the test is a subjective one. As stated above, the test for

evaluating whether the circumstances were compelling is an objective test. *Shaff*, 343 Or at 645 ('The question [of] whether the circumstances were compelling does not turn on either the officer's or the suspect's subjective belief or intent; rather, it turns on how a reasonable person in the suspect's position would have understood his or her situation.')."

Reconsideration allowed; former opinion modified and adhered to as modified.